```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

STEVEN JONES,                   :
                                : Criminal No. 1:02-cr-00004(2)
        Petitioner,              : Civil No. 1:05-cv-00821
                                :
                                : **OPINION AND ORDER**
    v.                          :
                                :
                                :
UNITED STATES OF AMERICA,       :
                                :
        Respondent.              :
                                :

This matter is before the Court on the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (doc. 43), Motion to Appoint Counsel (doc. 44) and the United States' Response in Opposition (doc. 48).

In his motion pursuant to 28. U.S.C. § 2255, Petitioner requests the Court reconsider its June 4, 2002 ruling, (doc. 39), in which it sentenced the Petitioner to 100 months of imprisonment for violating 18 U.S.C. 2113(a).  The Court increased the Petitioner's base offense level after determining that the amount taken in the robbery exceeded 50,000 dollars and was taken from a federally insured financial institution (doc. 43).  This raised the sentencing range from 70-87 months to 100-125 months (doc. 43). Petitioner did not directly appeal his sentence.

The Petitioner asks the Court to retroactively apply U.S. v. Booker, 543 U.S. 220 (2005), which held that under the Sixth Amendment any fact necessary to increase a criminal penalty beyond the prescribed statutory maximum, other than a prior conviction,

must be submitted to a jury and proven beyond a reasonable doubt, or admitted by the defendant in a plea of guilty (doc. 43). Petitioner alleges that the June 4, 2002 sentence was unconstitutional, since Petitioner did not admit the facts necessary for the sentencing enhancements (Id.). Petitioner also motions for assignment of counsel (doc. 44).

The United States responds that under Humphress v. United States, 398 F.3d 855, 863 (6th Cir.), cert. denied, 126 S. Ct. 199 (2005), Booker does not apply retroactively to cases on collateral review (doc. 48).

Having reviewed this matter, the Court finds well-taken the government's position (doc. 48). Under Humphress v. United States, 398 F.3d 855, the Court is precluded from applying Booker to this case on collateral review. 398 F.3d 855, 860 ("we conclude that Booker's rule does not apply retroactively in collateral proceedings"). Accordingly the Court finds it inappropriate to grant Petitioner's requested relief. Consequently, the appointment of counsel would also be futile.

Accordingly, the Court DENIES Petitioner's Motion to Vacate Sentence (doc. 43), DENIES Petitioner's Motion to Appoint Counsel (doc. 44) and DISMISSES these issues from the Court's docket.

SO ORDERED.

Dated: May 23, 2006        s/S. Arthur Spiegel
                           S. Arthur Spiegel
                           United States Senior District Judge